Argued February 7, affirmed as modified April 16, 1929.

# W. C. CULBERTSON *v.* ALVIE A. KAUFMAN

### ET AL.

(276 Pac. 686.)

For appellant there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

For respondents there was a brief over the names of *Mr. George N. Woodley* and *Mr. Estes Snedecor,* with an oral argument by *Mr. Woodley.*

McBRIDE, J.—Without going further into the pleadings, which are voluminous, or discussing the testimony, which is lengthy, we think the facts and the law are in accord with the conclusion of the learned circuit judge, who tried the case below; and we copy the

following excerpt from a memorandum made by the judge on rendering his decision, which, while not in any sense authoritative, tersely expresses the same view of the case arrived at by the court except as hereinafter expressed.

"I have carefully read the memorandum of authorities and many of the authorities in this matter and have reached the conclusion that the plaintiff's suit should be dismissed. I do not deem it essential to discuss the facts leading to this conclusion other than to observe that it appears from a preponderance of the evidence that Mr. Culbertson paid to the defendant Kaufman the sum of money set forth in the complaint. I think the case turns on the defenses interposed. I feel the assignment of the judgment in good faith for value prior to the date of the attempted satisfaction operates to defeat the transaction upon which plaintiff embarked. It appears that counsel for the plaintiff was possessed of actual information of the assignment. It seems to me that in law this information became the knowledge of his client. He was at the time engaged upon his client's business and that business related specifically to the matter of the judgment, and if I sense the philosophy of the law aright it is that information coming to the attorney in respect to the particular matter had in hand between him and his client becomes by operation of law the information of the client. It was specifically so held in *Missouri K. & T. Ry. Co.* v. *Bacon* (Tex. Civ. App.), 80 S. W. 572, and my attention has not been called to another case so nearly in point holding to the contrary."

We agree with the court below in its decree so far as it relates to the defendant Snedecor, but we think the arm of equity is long enough to reach, perhaps inadequately, the defendant Kaufman, who, it appears, was willing enough to swindle either his assignee Snedecor, or the judgment debtor Culbertson,

if he could profit by it, and that he robbed Culbertson of $168, which, but for the assignment, he would be obliged in equity to restore or credit on the judgment. He is here in court with a special prayer, and also one for general equitable relief, and as both parties ask equity, there is no reason why equity should not at least require him to restore his ill-gotten gains.

The decree should be affirmed as to Snedecor, and should be modified as to Kaufman so as to require him to repay to Culbertson the sum of $168 and the costs of this appeal. As the parties appeared together, it is rather difficult to prorate the costs as to them, but we think justice would be subserved by allowing defendant Snedecor two thirds of the taxable costs here and all the costs of the lower court, and as to defendant Kaufman, plaintiff should recover all his costs in this court.     AFFIRMED AS MODIFIED.

COSHOW, C. J., and RAND and ROSSMAN, JJ., concur.